UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| MELISSA LONG,<br><br>            Plaintiff,<br><br>            v.<br><br>CLARK COUNTY, a Municipal Corporation, PAMELA FRISBY, DOLLIE DRAPE and KENNETH CHENG, NAPHCARE, INC., an Alabama Corporation doing business in Washington.<br><br>            Defendants. | No.<br><br>COMPLAINT |

### I.    NATURE OF THE CASE

1.1    This case arises out of the unconstitutional use of force by Clark County Corrections Officers against Plaintiff Melissa Long while she was serving her one-day sentence at the Clark County Jail.

1.2    NaphCare, Inc. nurses interviewed Ms. Long as part of the jail intake process. Ms. Long revealed a significant traumatic sexual assault history, both in childhood and more recently, but denied any present suicidal ideation. NaphCare Mental Health Professional Kimberly Parker nevertheless ordered that she be placed on suicide watch.

1.3    Corrections Deputy Dollie Drape ordered her to strip to don a "suicide smock." Ms. Long was confused, denied being suicidal, and asked to speak with Ms. Parker again. Defendant Drape then called for backup. Corrections Deputy Pamela Frisby arrived, and the two

COMPLAINT - 1

of them along with Defendant Cheng forcibly threw Ms. Long to the ground, applied wrist restraints, stripped her, and cut clothing from her body with scissors.

1.4 The Officers then picked Ms. Long up by her arms behind her back, causing a shoulder injury that eventually needed surgical repair. They then dragged her out into a common area, partially or completely naked, in full view of other inmates and guards, including men. The attack caused Ms. Long physical injuries to her eye, shoulder, and foot, and left her emotionally scarred and traumatized. For many months she could not get undressed, even to take a shower. She became suicidal.

## II.   PARTIES

2.1 Plaintiff Melissa Long is an adult woman residing in Clark County, Washington.

2.2 Defendant Clark County is a municipal corporation formed under the laws of the State of Washington. At all times relevant, Clark County maintained and operated the Clark County Jail.

2.3 Defendant Pamela Frisby is a corrections officer with Defendant Clark County. Defendant Frisby was an employee of Defendant Clark County on May 25, 2021 and worked that day within the scope of her employment and under the color of state law.

2.4 Defendant Dolly Drape is a corrections officer with Defendant Clark County. Defendant Drape was an employee of Defendant Clark County on May 25, 2021 and worked that day within the scope of her employment and under the color of state law.

2.5 Defendant Kenneth Cheng is a corrections officer with Defendant Clark County. Defendant Cheng was an employee of Defendant Clark County on May 25, 2021 and worked that day within the scope of her employment and under the color of state law.

2.6 NaphCare, Inc. is an Alabama corporation doing business in Washington. At all times relevant, NaphCare was contracted with Clark County to provide health assessments and services for inmates.

### III.   JURISDICTION AND VENUE

3.1   This Court has jurisdiction over Plaintiff's Federal constitutional claims pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 1983.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

3.2   Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged here occurred within the Western District of Washington.

### IV.   FACTS

4.1   On the morning of May 25, 2021, Plaintiff arrived at the Clark County Jail to serve a sentence of 24 hours in custody for a Driving Under the Influence charge she had pleaded guilty to.

4.2   As part of the routine intake process, NaphCare nurse Zackary Bradseth interviewed Ms. Long as part of a "Receiving Screening."  Mr. Bradseth noted that Ms. Long had a "history of sexual abuse" during "childhood and five to ten years ago."  He also noted that Ms. Long "denies SI [suicidal ideation]."  He also checked the box for "Complete Columbia Suicide Screening Form."  On that form, Mr. Bradseth documented no current suicidal ideation.

4.3   On a number of forms, Mr. Bradseth documented a number of mental health conditions and diagnoses reported by Ms. Long.

4.4   NaphCare Mental Health Professional Kimberly Parker then filled out a "Suicide Intake Risk Assessment."  She documented that Ms. Long was not suicidal, though generally has suicidal thoughts.  She also checked a box for "Inmate is currently on Suicide Watch," and noted that "SW is for saftey [sic] and observations."  Under "Lethality Assessment," Ms. Parker checked "Suicidal ideation."  Ms. Parker also noted a history of sexual assault and documented a number of mental health conditions and diagnoses reported by Ms. Long.

4.5   Ms. Parker then told Ms. Long that she wanted to place her on suicide watch, but did not explain why or what that meant. Ms. Parker then left.

4.6     Defendant Cheng reported to Defendant Drape that Ms. Parker had said that Ms. Long "needed to be placed on suicide watch." Defendant Drape then ordered Ms. Long into the changing room and told her to take her clothes off to put on a suicide smock. Ms. Long immediately protested, telling Defendant Drape "I am not suicidal" and stated she did not want to take her clothes off. Ms. Long began to panic.

4.7     Defendant Drape called for another Corrections Deputy to assist, and Defendant Frisby arrived. The two of them told Ms. Long to take her clothes off. Ms. Long asked to speak with Ms. Parker again, as she did not understand what was happening. Defendant Frisby then told Ms. Long that she shouldn't have reported being suicidal if she didn't want to take off her clothes. Ms. Long protested again that she never said she was suicidal, and told the two Corrections Deputies that she had just reported her past physical and sexual trauma, and that she had been raped.

4.8     Defendants Drape and Frisby then threw Ms. Long to the ground. Defendants then applied wrist restraints, stripped her, and cut clothing from her body with scissors. Defendant Cheng both participated in the unconstitutional use of force and failed to prevent excessive force by Defendants Drape and Frisby.

4.9     Defendants Drape and Frisby then picked Ms. Long up by her arms behind her back, causing a shoulder injury that eventually needed surgical repair. They eventually placed Ms. Long on a mattress and draped the suicide smock over her nude body. They then dragged the mattress through a common area where other people were present, including male inmates and guards, before taking her to another cell.

4.10     Defendants Drape and Frisby's use of force cause injury to Ms. Long's eye, shoulder, and foot, and left her emotionally scarred and traumatized. Ms. Long eventually needed surgery to repair her shoulder.

4.11     The following morning, NaphCare Mental Health Professional Anthony Daltoso discontinued the Suicide Watch, noting that Ms. Long had stated "I'm not suicidal," which is

what she had said all along. She was then placed in the general population with "special observation." She was then cleared for release.

## V.    CAUSES OF ACTION

5.1    <u>Violations of the Eighth Amendment to the United States Constitution – Defendants Drape, Frisby, and Cheng</u> – The above facts state a claim for violations of Plaintiff's right to be free from cruel and unusual punishment in the form of excessive force and unnecessary humiliation.

5.2    <u>Violations of the Americans With Disabilities Act – Defendant Clark County</u> – Defendants knew that Plaintiff Long was a person with mental health disabilities and a victim of past sexual assault, or regarded her as such. Defendants failed to provide needed accommodations for Ms. Long's disability, leading to the forcible stripping of her clothes, including stripping off some of her clothing and cutting the rest of it off with scissors.

5.3    <u>Negligence – All Defendants</u> - Defendants had a duty to protect Ms. Long from harm while in their custody, and a duty not to subject her to physical trauma and humiliation. Defendants failed in that duty, causing Ms. Long physical and emotional harm.

## VI.    EXHAUSTION

6.1    Plaintiff Long has filed a tort claim with Clark County. More than 60 days has elapsed since filing the tort claim. No further exhaustion is necessary. After reviewing jail video of the incident, Clark County denied Ms. Long's claim.

6.2    NaphCare is not a public entity. No tort claim filing or exhaustion is required prior to bringing claims against NaphCare.

## VII.    REQUEST FOR RELIEF

Wherefore, Plaintiff requests relief including but not limited to the following:

7.1    Economic and non-economic damages in an amount to be determined at trial.

7.2    Punitive damages under 42 U.S.C. § 1983.

7.3    Costs and attorney's fees as authorized by 42 U.S.C. § 1988, 42 U.S.C. §12205, and other applicable law.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

7.4	A jury trial on all claims so triable.

7.5	The right to amend the pleadings to conform with the evidence.

7.6	Pre-judgment interest through the time of trial.

7.7	Post-judgment interest from the entry of judgment until satisfaction.

7.8	A "gross up" to compensate Plaintiff for any adverse tax consequences associated with payment of the judgment.

7.9	Other relief as the court deems proper.

DATED this 8th day of March, 2024.

          MacDONALD HOAGUE & BAYLESS

          By: _____
            Joseph Shaeffer, WSBA #33273
            Joe@mhb.com

          *Attorney for Plaintiff*

          By: /s/Sam Kramer
            Sam Kramer, WSBA #50132
            SamK@mhb.com

          *Attorney for Plaintiff*